# N.H. v. L.W.

C.P. of Allegheny County, no. GD98-2490.

*J. Kerrington Lewis,* for plaintiffs.
*Peter B. Skeel,* for defendants.
*Sandy B. Garfinkel,* for defendants Mt. Lebanon and Mark Kubit.

WETTICK, *J.,* September 18, 1999—A motion to quash subpoena/motion for protective order filed by Mt. Lebanon is the subject of this opinion and order of court.

The issue raised by this motion is whether law enforcement records concerning a juvenile may be used in a civil action against the juvenile and his parents.

In this civil action, plaintiffs seek to recover damages for personal injuries which the minor plaintiff sustained. The complaint alleges that the minor plaintiff was sexually abused on several occasions by the minor defendant. Plaintiffs raise claims against the minor defendant as well as the minor defendant's parents. The claims against the parents are based on their failure to supervise and monitor their child even though they allegedly knew or should have known that he had deviant sexual propensities with other children and their failure to investigate and act accordingly on suspicious behavior of their child.

The alleged incidents occurred when the minor plaintiff was between ages 6 and 8 and the minor defendant was between ages 10 and 12. The minor defendant is now 14.

Plaintiffs scheduled the deposition of a detective of the Mt. Lebanon Police Department. The notice of deposition instructed the deponent to bring investigative reports concerning the alleged incidents that are the subject of this litigation. In their brief, plaintiffs state that this detective investigated these incidents. In their brief, plaintiffs also state that the minor defendant admitted that he engaged in the conduct described in the complaint when confronted by municipal, county, and parental authorities and that he pled guilty in the juvenile

section of the family division of the court of common pleas to the offenses for which he was charged.

At oral argument, counsel for Mt. Lebanon stated that Mt. Lebanon filed this motion because Mt. Lebanon will not produce the information which plaintiffs seek without a court order. However, Mt. Lebanon is not taking a position as to whether a court order should issue. The interests of the minor defendant are protected by defendants' counsel who has filed a brief in support of Mt. Lebanon's motion to quash subpoena/motion for protective order.

Rule 4003.1 provides that subject to the provisions of Rule 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter not privileged which is relevant to the subject matter involved in the pending action. The investigative file of the Mt. Lebanon Police Department is likely to contain information that will assist plaintiffs in the preparation and trial of the case. Nothing within the provisions of Rule 4003.2 to 4003.5 precludes this discovery. The provisions of Rule 4011 barring discovery which causes unreasonable annoyance, embarrassment, oppression, or burden to any party does not bar this discovery because the information that is sought directly concerns the core issues in this case and it can be readily produced at minimal expense. Consequently, the discovery which plaintiffs seek is permitted unless it involves a matter that is privileged.

Defendants contend that the discovery which plaintiffs seek is governed by a statutory privilege created by the Juvenile Act. Defendants rely on a provision of the

Juvenile Act governing law enforcement records (42 Pa.C.S. §6308(a)) which reads as follows:[1]

*"Section 6308. Law enforcement records*

*"(a) General rule.*—Law enforcement records and files concerning a child shall be kept separate from the records and files of arrests of adults. Unless a charge of delinquency is transferred for criminal prosecution under section 6355 (relating to transfer to criminal proceedings), the interest of national security requires, or the court otherwise orders in the interest of the child, the records and files shall not be open to public inspection or their contents disclosed to the public except as provided in subsection (b); but inspection of the records and files is permitted by:

"(1) The court having the child before it in any proceeding.

"(2) Counsel for a party to the proceeding.

"(3) The officers of institutions or agencies to whom the child is committed.

"(4) Law enforcement officers of other jurisdictions when necessary for the discharge of their official duties.

"(5) A court in which the child is convicted of a criminal offense for the purpose of a presentence report or other dispositional proceeding, or by officials of penal

---

1. 42 Pa.C.S. §6308(b) governs public availability of law enforcement records and files. It prohibits disclosure, subject to exceptions for children who were 14 or more years of age at the time of the alleged conduct. This section is inapplicable to this case because the minor defendant was under 14 at the time of the alleged conduct.

institutions and other penal facilities to which he is committed, or by a parole board in considering his parole or discharge or in exercising supervision over him."

Plaintiffs contend that they are permitted to inspect the Mt. Lebanon law enforcement records and files under the provisions of section 6308(a) permitting inspection of records and files by (1) "[t]he court having the child before it in any proceeding" and by (2) "[c]ounsel for a party to the proceeding." Plaintiffs argue that the phrase "any proceeding" in subsection (a)(1) and the reference to "the proceeding" in subsection (a)(2) should be interpreted to include civil proceedings in which the child is the defendant. Defendants, on the other hand, contend that the term "proceeding" refers only to those proceedings governed by the Juvenile Act.[2]

I am construing section 6308(a) in the manner in which defendants propose for several reasons.[3]

First, subsections (a)(1) and (a)(2) refer to proceedings in which the court has the child before it. This terminology describes proceedings governed by the Juvenile Act

2. The proceedings governed by the Juvenile Act are set forth at 42 Pa.C.S. §6303. The Act applies to proceedings in which a child is alleged to be delinquent or dependent; transfers from criminal proceedings; proceedings involving dispositions affecting other jurisdictions; proceedings under the Interstate Compact on Juveniles; and proceedings in which a child is charged with a summary offense arising out of an episode that also involves a delinquent act for which a petition is filed.

3. This opinion does not cite any case law construing section 6308(a)(1) and (2) because neither counsel for the parties nor my law clerk found any reported cases.

in which the court is making decisions involving the welfare of the child and the protection of the public. If this provision was intended to include civil proceedings, I would have expected the legislature to refer to proceedings in which the child is a party.

Second, the remaining exceptions, in which inspection of records and files is permitted, refer to instances in which the information will be used for the welfare of the child and the protection of the public. In the absence of clear language to the contrary, it is unlikely that the legislature intended for exceptions one and two to include inspections that are unrelated to the welfare of the child or the protection of the public.

Third, a reading of section 6308(a) which limits disclosures to proceedings governed by the Juvenile Act is consistent with the provisions of section 6308(b) prohibiting the disclosure to the public of the contents of law enforcement records and files concerning a child under 14 at the time of the alleged conduct.

Fourth, plaintiffs' broad construction of section 6308 is inconsistent with section 6307 of the Juvenile Act (42 Pa.C.S. §6307) which governs the inspection of court files and records. (See 1 Pa.C.S. §1932(b) which provides that parts of statutes should be construed as being in harmony with each other.) Section 6307 reads as follows:

"*Section 6307. Inspection of court files and records*

"All files and records of the court in a proceeding under this chapter are open to inspection only by:

"(1) The judges, officers and professional staff of the court.

"(2) The parties to the proceeding and their counsel and representatives, but the persons in this category shall not be permitted to see reports revealing the names of confidential sources of information contained in social reports, except at the discretion of the court.

"(3) A public or private agency or institution providing supervision or having custody of the child under order of the court.

"(4) A court and its probation and other officials or professional staff and the attorney for the defendant for use in preparing a presentence report in a criminal case in which the defendant is convicted and who prior thereto had been a party to a proceeding under this chapter.

"(5) A judge or issuing authority for use in determining bail, provided that such inspection is limited to orders of delinquency adjudications and dispositions and petitions relating thereto, orders resulting from disposition review hearings and histories of bench warrants and escapes.

"(6) The administrative office of Pennsylvania courts.

"(7) With leave of court, any other person or agency or institution having a legitimate interest in the proceedings or in the work of the unified judicial system."

Under these provisions, plaintiffs are prohibited from inspecting the court's files and records for any proceedings involving the minor defendant because plaintiffs do

not come within any of the seven categories listed in section 6307.[4] Information in the files and records of a court will be more accurate and more complete than information within law enforcement records. Consequently, if the legislature wanted to permit private parties who bring civil actions against minors to obtain relevant information regarding a related delinquency proceeding, it would have made court files and records available to the parties. There is no reason why the legislature would have permitted law enforcement records and files concerning a child to be used in civil proceedings while barring the use in civil proceedings of files and records of juvenile court proceedings.

In *V.B.T. v. Family Services of Western Pennsylvania,* 705 A.2d 1325 (Pa. Super. 1998), *aff'd,* 556 Pa. 430, 728 A.2d 953 (1999), the plaintiffs, in their own right and on behalf of their daughter, sought damages for physical and sexual abuse which their young daughter suffered, allegedly at the hands of a foster child who had herself been a victim of physical and sexual abuse prior to entering the foster care system. The plaintiffs sued the foster parents and the social service agency that placed the child. The plaintiffs requested, inter alia, court records of proceedings under the Juvenile Act. The plaintiffs contended that they were entitled to the records under

---

4. Section 6307 refers to files and records of the court "in a proceeding under this chapter." Section 6308 refers to "[l]aw enforcement records and files concerning a child." The explanation for the broader language within section 6308 is that law enforcement records and files may refer to investigations and arrests for which delinquency proceedings were not instituted.

subsection (7) which permits inspections with leave of court by any person having a legitimate interest in the proceedings.

The Superior Court rejected this contention, stating:

"Analysis of the cited language in the context of the statutory section as a whole persuades us that the term, 'person with a legitimate interest in the proceedings' in the cited subdivision refers only to a person who has a direct involvement with the juvenile court proceedings or the events in question, in this case the dependency proceedings. The statutory exception to confidentiality thus does not extend to an unrelated civil plaintiff seeking information about the proceedings for purposes of prosecuting a personal injury lawsuit based on a separate incident involving the foster child. We therefore conclude that plaintiffs are not entitled to access to information in records of juvenile court proceedings under the express terms of the Juvenile Act." 705 A.2d at 1331. (footnote omitted)

The trial court had ruled that while the discovery which plaintiffs sought was not covered by any of the exceptions to section 6307, section 6307 should not be strictly construed because this would cripple the plaintiffs' ability to prove their case. The Superior Court responded to this argument as follows:

"As discussed in section III, above, the plaintiffs do not fall within any of the exceptions to confidentiality enumerated in the Juvenile Act. Moreover, the discovery they request is not constitutionally required, nor does it promote the purposes of the Act. Accordingly, we must

conclude that the judgment of the legislature in protecting the interests of dependent children, their families, and the system put in place to aid and rehabilitate them should not be overridden. The discovery of materials protected by the Juvenile Act thus should not have been permitted by the trial court." *Id.* at 1337. (footnote omitted)

I next address plaintiffs' contention that their discovery request is permitted under 42 Pa.C.S. §6354(b)(3) which provides that an order of disposition or other adjudication in a proceeding under the Juvenile Act may be used against the child: "(3) if relevant, where he has put his reputation or character in issue in a civil matter."

This provision does not apply to the discovery request that is the subject of this opinion because section 6354(b)(3) involves only information concerning the disposition of the child. Furthermore, it does not appear that the minor defendant has put his reputation or character in issue.

For these reasons, I enter the following order of court:

## ORDER

On September 18, 1999, upon consideration of motion to quash subpoena/motion for protective order, it is hereby ordered that the motion is granted.